**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00136-MR
CRIMINAL CASE NO. 2:04-cr-00027-MR-DLH-1**

| | |
|---|---|
| **ROGER DALE CHARLES, II,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1]; the Government's Motion to Dismiss [Doc. 6]; and Petitioner's Response to Government's Motion to Dismiss [Doc. 7].

## BACKGROUND

A federal grand jury indicted Petitioner in April 2004 and charged him with possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). [Criminal Case No. 2:04-cr-00027 ("CR"), Doc. 2]. That same day, the Government filed an Information in accordance with 21 U.S.C. § 851 ("§ 851 Notice"), notifying Petitioner and this Court that the Government intended to seek an enhanced sentence based on Petitioner's prior drug-trafficking conviction.[1] [CR Doc. 3].

A jury convicted Petitioner of Counts One and Three; he was acquitted of Count Two. [CR Doc. 55]. Following the jury's verdict, the probation office prepared a presentence report ("PSR") in which the probation officer calculated a combined adjusted offense level of 33 for Counts One and Three. [CR PSR at ¶ 46]. The probation officer noted that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1, thereby elevating his total offense level to 37. [Id. at ¶¶ 47, 49]. The probation officer further noted that, for the purpose of Count Three, Petitioner also qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), and U.S.S.G. § 4B1.4. [Id.]. This enhancement, however, would

---

[1] The Government referenced two prior drug trafficking convictions in the § 851 Notice; however, in preparing the Presentence Report, the probation officer could not confirm one of those convictions. Accordingly, only one of Petitioner's prior felony drug convictions was ultimately cited in support of the enhancement. [See PSR at ¶ 2].

have yielded a total offense level of 34, which was lower than the offense level calculated based on the career offender offense level. See U.S.S.G. § 4B1.4(b)(1)(3)(A) (2004). Accordingly, the higher career offender offense level was applied. Based on a total offense level of 37 and a criminal-history category of VI, the probation officer calculated an advisory Sentencing Guidelines range of between 360 months and life in prison for both counts of conviction.[2] [PSR at ¶ 110].

This Court adopted the presentence report without change and sentenced Petitioner to 360 months' imprisonment on each count, to run concurrently, and a term of ten years of supervised release on Count One and a term of three years of supervised release on Count Three, also to run concurrently.[3] [CR Doc. 64]. The Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Charles, 195 F. App'x 133 (4th Cir. 2006).

---

[2] By statute, the term of imprisonment for Count One was not less than 20 years nor more than life. See 21 U.S.C. §§ 841(b)(1)(A) and 851. The term of imprisonment for Count Three was not less than 15 years nor more than life. See 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

[3] By statute, the term of supervised release for Count One was at least ten years. See 21 U.S.C. §§ 841(b)(1)(A) and 851. The term of supervised release for Count Three was not more than five years. See 18 U.S.C. § 3583(b)(1).

On June 26, 2015, the Supreme Court held in Johnson v. United States that the residual clause of the Armed Career Criminal Act ("ACCA") — which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" — is "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015). Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." Id. at 2563.

On May 17, 2016, Petitioner filed the pending motion to vacate his sentence, arguing that, in light of Johnson, he was improperly sentenced as a career offender and an armed career criminal. [Doc. 1]. On August 8, 2016, the Court placed Petitioner's motion in abeyance pending the outcome of Beckles v. United States, Supreme Court No. 15-8455, in which petitioner argued that his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. [Doc. 5]. On March 6, 2017, the Supreme Court held in Beckles that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. 886, 890 (2017). On May 4, 2017, the Government filed the pending motion to dismiss, arguing that, in light of Beckles, Petitioner's motion to vacate should be dismissed. [Doc. 6]. Petitioner filed a response through counsel on May 16, 2017. [Doc. 7].

4

**STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

As noted, Petitioner challenges his designations as both a career offender and an armed career criminal in light of Johnson. Petitioner's challenge to his career offender status, however, is foreclosed by the Supreme Court's decision in Beckles. See Beckles v. United States, 137 S. Ct. 886, 890 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges."). Accordingly, Petitioner's motion is denied and dismissed insofar as he attempts to challenge to his designation as a career offender.

The Government does not specifically address whether Petitioner's classification as an armed career criminal is now infirm under Johnson.

Instead, the Government argues that Petitioner's designation as an armed career criminal is irrelevant because his sentence was based on his classification as a career offender, not an armed career criminal. The Government further argues that, even if Petitioner's sentence on Count Three were improperly enhanced under the ACCA, the Court should decline to review his sentence because his ultimate term of imprisonment (360 months) is unaffected by the alleged improper enhancement. Further, the Government argues, Petitioner has not identified any potential adverse consequences resulting from his classification as an armed career criminal. [Doc. 6 at 3-4].

In response, Petitioner contends that because his sentence on Count Three was improperly enhanced under the Armed Career Criminal Act, the appropriate remedy would be to vacate *both sentences* and conduct a full resentencing. [Doc. 7 at 2]. In so arguing, Petitioner cites United States v. Smith, 115 F.3d 241, 245 (4th Cir. 1997). Smith, however, has no application to this case. It stands for the proposition that where a defendant is convicted on two counts and sentenced to *consecutive* terms of imprisonment and then one of those convictions is vacated, then the Court has jurisdiction to revisit the sentence on the remaining conviction because the prior sentence may have been adjusted to achieve a more appropriate *aggregate* sentence of

the two prior sentences. Petitioner herein was not sentenced to consecutive terms, but rather to *concurrent* terms.

The Court finds no basis to vacate the sentence on Count One. Petitioner's sentence on Count One was properly enhanced due to his status as a career offender. The Guidelines range for this offense was 360 months to life, and the Court sentenced him to the low end of this Guidelines range. Even assuming that the sentence on Count Three were vacated, the Court would have no reason to revisit its determination of the appropriate sentence on Count One.

Having determined that Petitioner is not entitled to resentencing on Count One, the Court must still determine whether review of the sentence on Count Three is required. The collateral sentence doctrine permits the Court to decline to review a sentence for one count of conviction when a concurrent sentence on another conviction is found to be valid. See United States v. Bradley, 644 F.3d 1213, 1293-94 (11th Cir. 2011) (declining to address defendant's challenge to his sentence on one count of conviction where the court affirmed a concurrent sentence because the defendant's "ultimate term of imprisonment would not change even were [the court] to find error" and the defendant "would suffer no adverse collateral consequences"); United States v. Hill, 859 F.2d 325, 326 (4th Cir. 1988) (noting that the concurrent

sentence doctrine "provides that where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction" with "a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand").

Here, Petitioner urges the Court to vacate the sentence on Count Three, arguing that there are potential adverse collateral consequences resulting from the improper enhancement of that sentence. Specifically, Petitioner points out that, as a result of the ACCA enhancement, his conviction on Count Three was classified as a Class A felony instead of a Class C felony. Consequently, Petitioner argues, that after he completes his term of imprisonment, if his term of supervised release were to be revoked, the Court *could* require him to serve up to a term of five years' imprisonment as to that count. That is the term of supervised release permitted for Class A felonies, see 18 U.S.C. § 3583(b)(1), as opposed to a maximum term of two years' imprisonment for Class C felonies, see 18 U.S.C. § 3583(e)(3). However, Petitioner's conviction on Count One is also a Class A felony. Thus he is already subjected to a potential sentence of five years upon revocation – if his new violative conduct were to be that serious. Petitioner argues, however, that this is not the end of the analysis.

He says that such future hypothetical violation might be so serious that the Court could sentence him to consecutive terms of incarceration for the violation as it relates to Count One and as it relates to Count Three. For instance, during the first five years of supervised release (while Petitioner would be on supervised release for both Counts One and Three)[4] if he were to violate, the Court could sentence Petitioner up to five years' imprisonment on Count One and up to five years on Count Three and could theoretically make these sentences consecutive, for a total of 120 months. Petitioner argues that if the error he asserts is corrected that such a "boxcar scenario" would be limited to five years plus two years (i.e., a total of 84 months).

While the scenario posed by Petitioner is technically *possible*, the factors that would have to line up to support such a result make it implausible. The maximum Guidelines range for the *most serious* violation of supervised release calls for a term of incarceration of 51 to 63 months. See U.S.S.G. § 7b1.4(a). In order for that Guidelines range to apply, Petitioner would have to commit a Grade A violation while on supervised release; and that Grade A violation would have to be so serious that the Court would have to upwardly vary in order to impose a sentence of more than 84 months, i.e. an upward

---

[4] After the expiration of the shorter term of supervised release this scenario would be impossible.

variance of at least one-third over the top of the recommended Guidelines range. Petitioner has not even attempted to articulate what circumstances might give rise to such a possibility. Such a hypothetical scenario is simply too speculative to be considered a realistic potential adverse collateral consequence requiring review of Petitioner's sentence on Count Three.

In sum, for the reasons stated herein, the Court grants the Government's motion to dismiss. The Court will, however, issue a Certificate of Appealability limited solely to the review of Petitioner's sentence on Count Three.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 6] is **GRANTED**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 (a) of the Rules Governing Section 2255 Cases, the Court issues a Certificate of Appealability limited solely to the review of Petitioner's sentence on Count Three. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a certificate of appealability should issue if "reasonable jurists could debate whether (or, for that matter, agree that) the petitioner should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal citations and quotations omitted). The Certificate of Appealability is denied in all other respects.

**IT IS SO ORDERED.** Signed: September 1, 2017

Martin Reidinger
United States District Judge