THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:04-cr-00027-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROGER DALE CHARLES, II, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Stay Consideration of First Step Act Claim [Doc. 114].

On September 1, 2017, this Court entered an Order denying the Defendant's Motion to Vacate his Armed Career Criminal Act sentence under 28 U.S.C. § 2255 in Civil Case No. 1:16-cv-00136-MR. The Defendant appealed to the Fourth Circuit Court of Appeals.

On July 26, 2019, the Fourth Circuit Court of Appeals issued a decision ruling that "in the circumstances presented to the district court, it did not abuse its discretion by applying the concurrent sentence doctrine and declining to review Charles's sentence for illegal possession of a firearm." United States v. Charles, No. 17-7416, 2019 WL 3366644, at *7 (4th Cir. July

26, 2019). The Fourth Circuit noted, however, that following the parties' briefing on appeal, Congress enacted the First Step Act of 2018, which, *inter alia*, allows district courts to apply the Fair Sentencing Act of 2010 retroactively to sentences for certain crimes committed before August 3, 2010. Id. In a letter to the Fourth Circuit, the Defendant argued that application of the concurrent sentence doctrine would effectively deprive him of the benefit of the First Step Act. Id. The Government responded that the Defendant was not eligible for relief under the First Step Act and therefore no realistic consequence would flow from this Court's decision not to review the Defendant's firearm sentence. Id.

In light of these arguments, the Fourth Circuit concluded as follows:

> [B]ecause the impact of the First Step Act was not considered by the district court, as the Act was enacted after the court ruled, the better course is to remand this case to the district court for it to consider the effect of the Act in the first instance. Should the district court conclude that Charles is eligible for a reduction of his drug-trafficking sentence under the Act and further that such a reduction would be warranted, this remand will enable the court to consider the merits of Charles's § 2255 motion challenging his firearm sentence. If, on the other hand, the court were to decide not to reduce Charles's sentence for his drug-trafficking offense under the First Step Act, it could then rely on the concurrent sentence doctrine — as it previously applied the doctrine and as we affirm here— to dismiss Charles's § 2255 motion.

2

Id. (internal citation omitted). The mandate has yet to issue for the Fourth Circuit's decision.

The Defendant, through counsel, now moves the Court to "stay consideration of his First Step Act claim" pending a ruling by the Court of Appeals in another case, United States v. Chambers, No. 19-7104 (4th Cir.). [Doc. 114]. As noted above, however, the mandate has not yet issued for the Fourth Circuit's decision. Further, the Defendant has not filed any motion seeking relief under the First Step Act. As such, there is no "First Step Act claim" currently pending before the Court. For these reasons, the Defendant's motion to stay is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Stay Consideration of First Step Act Claim [Doc. 114] is **DENIED WITHOUT PREJUDICE** to renewal upon the filing of a motion for relief under the First Step Act.

**IT IS SO ORDERED.**

Signed: August 21, 2019

Martin Reidinger
United States District Judge